*846 OPINION.
Teussell:
When the organization of the corporation herein described was completed on May 6, 1919, the corporation had outstanding 6,650 shares of stock of a par value of $100 each. Of this total stock issued the petitioner had received 5,237 shares. The total assets received by the corporation had a value of $456,653.14 of real and personal properties plus $5,000 in cash. Based upon the value of the corporation’s assets, its outstanding capital stock had a value of approximately 82 cents per $1 of par, and 82 cents per $1 of par for the 5,237 shares received by petitioner is less than the agreed value of the property, and cash paid in by petitioner.
Shortly after the completion of the corporation it undertook to sell to the public $395,000 par of its stock and negotiated with brokers for such a sale. The brokers offered to undertake the proposition provided the corporation would allow them a discount of 15 per cent on the par value of the stock plus $120,000 par value of stock. This proposition was not accepted by the corporation but it is significant in that the brokers estimated that it would cost $179,250 to sell $515,000 par value of the corporation’s stock. This would *847 indicate the market value of approximately 65 cents per $1 of par. Thereafter the corporation undertook to organize a selling campaign of its own and organized a force of salesmen to whom it allowed, first, 12 per cent, and, after 45 days, 15 per cent commission on sales, while the corporation itself assumed the cost of an intensive advertising campaign together with the cost of special prizes to the salesmen, and during the balance of the years 1919 and 1920 was able to dispose of less than $200,000 par value of its stock in small quantities of from 10 to 30 shares of a par value of $10, which was sold on the installment plan to working men, small shopkeepers, and people to whom the corporation anticipated selling its houses when built.
In Fruen Investment Co., 2 B. T. A. 542, we have held that sales of small lots of stock under conditions entirely similar to the present case do not establish a market value for the large quantity of stock not offered for sale, and this whole record seems to indicate that there was practically no market for the stock under consideration and convinces us that the stock received by the petitioner in exchange for his real and personal property and cash had no greater value than the property exchanged.
Respecting the transaction from which petitioner reported gain of $3,000 as set forth in the findings of fact, the testimony concerning the value of the property acquired and the amount of stock exchanged is too indefinite and uncertain in character to warrant us in finding that the gain reported by the petitioner was other than the $3,000 originally estimated by him.
The deficiency should be recomputed in accordance with the foregoing findings of fact and opinion.
Judgment will be entered upon 15 days' notice, pursuant to Rule 50.